### WIESER v. TIMES REALTY & CONSTRUCTION CO.

(City Court of New York, Special Term. April 22, 1910.)

JUDGMENT (§ 376\*)—VACATION AFTER AFFIRMANCE—GROUNDS—PERJURY.

    In an action for alleged breach of a contract to lay flooring in defendant's building, providing that only union labor should be employed, defendant claimed that plaintiff abandoned the contract after demand had been made for the employment of union labor, and after a delegate of the labor union had sought to stop the work because nonunion men were employed. It was material for plaintiff to show that only union men were employed, and for this purpose a witness who had worked on the job, and who was in fact a nonunion man, at the trial impersonated another, who was a union carpenter, and testified falsely that he was the person he impersonated; that he worked on the job and was a union man. Afterwards, in support of a motion to vacate the judgment for plaintiff, he made an affidavit stating his true name, and reciting that all of his testimony, with the exception of the fact that he worked on the job, was false. *Held* sufficient ground to vacate the judgment.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 714; Dec. Dig. § 376.\*]

Action by one Wieser against the Times Realty & Construction Company. On motion to set aside the judgment, after affirmance on appeal, for perjury. Motion granted.

See, also, 110 N. Y. Supp. 963.

Herman, Hirschman & Weil, for plaintiff.
J. Charles Weschler, for defendant.

GREEN, J. This is a motion to vacate and set aside a judgment entered upon a verdict rendered by a jury before one of the justices of this court, and after appeal and affirmance thereof by the Appellate Term of the Supreme Court. The ground upon which the motion is based is that of perjury committed by one of the witnesses who gave evidence on behalf of the plaintiff, and who swore he was a union laborer, when in fact he was not a member of any labor union.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action was brought for damages for breach of contract, and arose out of an agreement to lay certain flooring in a large building then in course of erection and belonging to the defendant. The defendant claimed substantially that the plaintiff abandoned the contract after demand was made for the employment of union labor as required by the contract, after a delegate of a labor union sought to and did stop the progress of the work by reason of the fact that nonunion men were employed by the plaintiff. That the issue of union labor was material to the issue is borne out by the charge of the learned trial justice, who charged the jury on that point as follows:

"If, on the other hand, you should find that the plaintiff, while performing the work on the premises, did not comply with the contract, to wit, to use union labor, and he left the premises thereupon at the request of the walking delegate, and refused to go back to complete the contract or work, then it is an abandonment by the plaintiff, and he cannot recover. I charge you, further, that if you believe, as testified to from the evidence, that the plaintiff failed to perform the work in accordance with all other conditions of the contract, to wit, labor, material, union labor, and other conditions as set forth in the contract, then the defendant should have your verdict. If you find the defendant acquiesced in the plaintiff's performance of the work, and no question was raised as to union labor by the walking delegate, and that the defendant without any cause precluded the plaintiff from doing his work under this contract, then the plaintiff would be entitled to your verdict for such sum as you may find, after he has deducted from the contract price $2,850, the labor and the cost of the materials necessary to have on the premises to do the work. That sum the plaintiff would have earned, and that would be the amount of the judgment. But before giving judgment you must find that he has complied with the conditions and that he employed union labor. If he failed to have union labor, your verdict must be for the defendant, irrespective of what was the amount he laid out for labor and material. * * *"

And, further, the court charged:

"I charge it was the duty under the contract for the plaintiff to have union labor on the job according to the contract."

It is thus evident that the question of the employment of union labor was material to the issue submitted to the jury. The facts as they appear upon this motion are undisputed. One Harry Mallin was called as a witness upon the trial by the plaintiff. He swore that his name was Jacob Reitchman; that he was a floor layer, laying parquet flooring; that he was employed by the plaintiff on the job in question; that he lived at No. 546 East Thirteenth street; that he was a union man, and belonged to No. 32 Local of the United Brotherhood of Carpenters, and was such at the time of the work in question. He testified that he joined the union on January 10, 1906, and that he had his union card on the last day he worked upon the job. In answer to a question put by the court, he said he knew he was under oath, and that "he swore to tell the truth on the Bible." It appears from the evidence, that, in giving certain portions of his testimony on the trial, the witness faltered, which impelled counsel for the plaintiff to put the following question: "You were asked to show your book, union book, and you hesitated to show it to counsel. Now, is it not a rule of your union to show it only to delegates?" and he answered,

"Sure." And he also swore at the trial that he had his union card with him.

This witness now makes an affidavit, used upon this motion, in which he swears that each and every portion of his testimony is untrue, with the exception of the fact that he worked at the place in question. He impersonated one Jacob Reitchman, who was a union man, and impersonated him when called as a witness on the trial; and that his testimony was false is now conceded by counsel for the plaintiff. The plaintiff and his son aver that, though this creature was working for them for over two years, they never knew his right name, but knew him only as "Harry"; and yet, when he testified at the trial as "Jacob Reitchman," this seemed, it appears, to give them no suggestion to ascertain his true name. "Harry" certainly does not sound very much like "Jake," and I am inclined to place very little credence upon the statement of the plaintiff as to his knowledge upon the subject. It is incredible to me; and while I am not unmindful of the fact that when one employs numerous help sometimes numbers are given, instead of names, to designate and recognize employés, still this case does not come within that class.

The affidavit of the perjured witness used upon this motion charges counsel for the plaintiff with knowledge of the fact of his impersonation of the witness upon the trial, and in it he swore that plaintiff's counsel told him it would be all right, and that he would take care of him. Upon the argument of this motion defendant's counsel graciously stated that, so far as that statement in the affidavit of the witness is concerned, reflecting upon plaintiff's counsel, "he believed he lied," and that he does not believe that statement, nor any portion of it which in any manner imputed conduct reflecting upon the honor or integrity of counsel for the plaintiff. So that we have presented the spectacle of a witness swearing in any way he pleases to suit his whim, caprice, or desire, without regard to the sanctity of an oath, and this in a court of justice. It is with pleasure, however, that I concur in the statement of counsel for the defendant that counsel for plaintiff is absolutely blameless in this unfortunate matter, and the statement reflecting upon him may be expunged from the affidavit of this doubly perjured scoundrel.

This motion may be considered from two aspects: Firstly, as of a fraud perpetrated upon the court in order to wrongfully procure a verdict at the hands of a jury; and, secondly, upon the ground of the testimony being false and material to the issue, that the jury may have found otherwise if the truth had been known by them. A judgment predicated upon such testimony as that presented herein, in the interests of morality and justice, must not be permitted to stand, and the motion to vacate and set aside the judgment herein is granted. Drastic measures should, however, be pursued and taken against the unmitigated scoundrel, who, to use his own language, "throws himself upon the mercy of the court." He is entitled to no mercy. Life, liberty, and property would be afforded no adequate protection to permit this man to go unwhipped of justice. I direct counsel for the defendant, as an officer of this court, to present the matter involved

herein to the district attorney of this county, and, in addition thereto, I direct him to move in this court to punish this man for contempt; and while I have my doubts as to whether, under the Code or the authorities, this can be done, still, if a way be found, it should be by all means accomplished, to the end that the integrity of our system of trials and procedure should be vindicated and due punishment ensue.